**Ernest EDWARDS, Plaintiff–Appellant,**

v.

**GAUL, Correction Officer, Defendant–Appellee.**

**No. 02–1116.**

United States Court of Appeals, Sixth Circuit.

July 19, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

Ernest Edwards appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 as barred under the "three strikes" provision of the Prison Litigation Reform Act

QUALIFICATIONS
- Ability to walk, stand, bend, kneel, lift 150 lbs. and restrain violent persons.

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

(PLRA), 28 U.S.C.A. § 1915(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Edwards filed his complaint in the United States District Court for the Western District of Michigan alleging that the defendant corrections officer improperly charged him with misconduct. That court transferred the case to the United States District Court for the Eastern District of Michigan where the alleged acts occurred and where defendant resides. Thereafter, the district court dismissed plaintiff's complaint as barred under the "three strikes" provision of the PLRA. Plaintiff filed a timely notice of appeal, and the district court granted plaintiff pauper status on appeal.

On appeal, plaintiff asks that this case be remanded to the district court and contends that the district court is biased against him. Upon consideration, the judgment will be affirmed for the reasons stated by the district court in its opinion and order dismissing plaintiff's complaint.

Generally, § 1915(g) provides that "(i)n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Here, the district court's memorandum and order revoking pauper status reflects that the district court took judicial notice of numerous frivolous actions filed by Edwards in the Michigan federal district courts.

This court has affirmed several prior district court judgments dismissing complaints filed by Edwards as precluded under the "three strikes" provision of the PLRA, based upon the dismissal as frivolous of at least six civil rights actions after the effective date of the PLRA. *See Edwards v. Reg'l Bus. Manager*, No. 97–2308, 1998 WL 808261 (6th Cir. Nov.9, 1998); *Edwards v. Pieron*, Nos. 97–1410/1450, 1997 WL 777890 (6th Cir. Dec.12, 1997); *Edwards v. Green*, No. 96–2500, 1997 WL 777936 (6th Cir. Dec.12, 1997). Further, plaintiff has cited nothing which would exclude this case from the "three strikes" provision of the PLRA. *See* 28 U.S.C.A. § 1915(g). As noted by the district court, plaintiff alleged nothing that falls within the "imminent danger of serious physical injury" exception to the "three strikes" provision. Further, the district court also correctly noted that plaintiff failed to obtain leave to file his complaint as required under an earlier injunction imposed because of plaintiff's frivolous litigation. Under these circumstances, it is submitted that plaintiff's complaint was properly dismissed.

Finally, it is noted that plaintiff's contention that the district court is biased lacks merit. Plaintiff provides no factual basis for his claim, and the record reflects nothing that would warrant recusal of the district court in this case. *See Liteky v. United States*, 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Accordingly, this claim lacks merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.